UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                      :

**ALI BEAUBRUN**,
                                       :

                           Plaintiff,
                                       :

                                       :   **MEMORANDUM DECISION AND**
                                           **ORDER**
          – against –
                                         :   2:23-CV-5201 (AMD) (JMW)

                                         :

**JENNIFER R. BRENNAN, ESQ.**; **STATE OF**
**NEW YORK ROBERT F. QUINLAN, J.S.C.**;   :
**KATHEEN A. CASEY, ESQ.**; **HANS H.**
**AUGUSTIN, ESQ.**; **EDWARD RUGINO, ESQ.**;  :
**ROACH & LIN, P.C.**; **JUDITH A. PASCALE**,
County Clerk, Suffolk County; and **LAKEVIEW**
**LOAN SERVICING, LLC**,

                                         :
                           Defendants.
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

On July 7, 2023, the *pro se* plaintiff[1] filed a complaint challenging a state court

foreclosure proceeding on a property located at 63 Schenectady Avenue, West Babylon, New

York, NY 11704.  For the following reasons, the complaint is dismissed.

## BACKGROUND[2]

On March 19, 2019, the plaintiff took out a mortgage on 63 Schenectady Avenue.  (ECF

No. 17 at 2.)  The plaintiff alleges he made "timely payments" between May 1 and August 1,

2019, to his mortgagor—which, at that time, was Contour Mortgage Corporation.  (*Id*.)  On

---

[1] The plaintiff initiated this action with a "Notice of Removal and 42 U.S.C. Sec. 1983 Lawsuit."  (ECF
No. 1.)  Defendant Lakeview Loan Servicing, LLC notes that it is "improperly named as a defendant in
this removed action, but, in actuality, [is] the plaintiff in a state court foreclosure action against Ali
Beaubrun . . . ."  (ECF No. 6-1 at 1.)  For purposes of this Order, the Court treats ECF No. 1 as a
complaint and will refer to Mr. Beaubrun as the "plaintiff."

[2] Given the paucity of factual support in the plaintiff's complaint, the following is taken from the Court's
review of all filings and exhibits on the docket.  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.
2000) (When evaluating subject-matter jurisdiction, the Court "may refer to evidence outside the
pleadings.")

December 12, 2019, Contour assigned the mortgage to defendant Lakeview Loan Servicing, LLC. (*Id.*) The plaintiff stopped making payments after August 2019, and, on March 16, 2020, Lakeview issued a notice of default. (*Id.*) The foreclosure action was stayed for two years because of the COVID-19 pandemic; on February 18, 2022, Lakeview filed a request for judicial intervention in the New York Supreme Court, Suffolk County. (*Id.* at 3.)

On April 20, 2022, Lakeview filed a motion for default judgment in the foreclosure action. That same day, the plaintiff, represented by counsel, answered the notice of foreclosure. (*Id.*) Among other things, the plaintiff asserted that Lakeview lacked standing to foreclose on 63 Schenectady Avenue. (*Id.*) On September 16, 2022, Lakeview filed a motion for summary judgment; the plaintiff filed a cross-motion to dismiss on October 11, 2022. (*Id.*)

On November 22, 2022, Justice Robert Quinlan granted Lakeview's motion and appointed a referee to determine how much Lakeview was due. (*Id.* at 4). The plaintiff did not appeal Judge Quinlan's order. Instead, appearing *pro se*, he filed a "Demand of Dismissal" challenging the foreclosure action on January 4, 2023. (*Id.*) In response, Lakeview filed motions to confirm the referee's report and for a judgment of foreclosure and sale on February 28, 2023. On March 21, 2023, the plaintiff filed a document styled as a "Notice of Constitutional [Q]uestion," challenging the validity of the foreclosure. (*Id.*) On April 3, 2023, Justice Quinlan granted Lakeview's February 28, 2023 application and issued an Order Confirming Referee Report and Judgment of Foreclosure and Sale. (*Id.* at 5.) On June 21, 2023, the referee filed a Notice of Sale for 63 Schenectady Avenue, which was scheduled for August 1, 2023. (*Id.*)

The plaintiff filed the pending "Notice of Removal and 42 U.S.C. Sec. 1983 Lawsuit" on July 7, 2023 (ECF No. 1), which asserts eight separate claims purportedly invoking this Court's

federal question jurisdiction: (i) wrongful foreclosure, (ii) violation of the Fair Debt Collection

Practices Act; (iii) violation of the Truth In Lending Act; (iv) breach of contract; (v) "Violation

of Federal Trust and Lien Laws"; (vi) "Slander of Title"; (vii) "Slander of Credit"; and (viii)

infliction of emotional distress. (*Id*.) He does not identify which claims are asserted against

which defendants.[3]

The plaintiff asks the Court to vacate Justice Quinlan's decisions and orders, discharge

any debts against him, and cancel the foreclosure on his home. (*Id*. at 11, 14.) He also asks the

Court to declare that all the defendants engaged in "unfair and deceptive business practices,"

award him $5.5 million in compensatory and punitive damages, and order the defendants to

"contact the credit reporting agencies and correct the false information that was reported to

them" regarding the plaintiff. (*Id*. at 14–15.)

On August 4, 2023, Lakeview filed a notice of motion seeking to remand the federal

action back to the New York State Supreme Court, Suffolk County pursuant to 28 U.S.C. §§

1446(b)(1) and 1447(c). (ECF No. 6.) On August 23, 2023, defendants Kathleen A. Casey and

Jacqueline Kelly answered the complaint. (ECF No. 8.) On August 24, 2023, counsel for the

State of New York and Justice Quinlan filed a pre-motion letter to dismiss the complaint. (ECF

No. 11.) Lakeview filed a similar pre-motion letter that same day. (ECF No. 12.) On August

24, 2023, the Court waived the pre-motion conference and ordered the defendants to proceed

with briefing. (*ECF Order dated August 24, 2023*.) On August 25, 2023, the Court issued a

Scheduling Order stating that "all discovery deadlines are held in abeyance until resolution of

those motions." (*ECF Order dated August 25, 2023*.)

---

[3] The plaintiff's complaint is entitled to a liberal reading and must be interpreted "to raise the strongest arguments that they suggest," *Wilder v. U.S. Dep't of Veterans Affairs*, 175 F.Supp.3d 82, 87 (S.D.N.Y. 2016), but he does not assert any facts supporting a cognizable § 1983 claim.

On September 5, 2023, the plaintiff filed a document entitled "Notice of Claim," which does not appear to discuss relevant facts or cite relevant legal authority in support of his claim. (ECF No. 13.)

The State of New York and Justice Quinlan filed a motion to dismiss on September 22, 2023 (ECF No. 15); Lakeview filed a motion to dismiss on September 25, 2023 (ECF No. 19); and the remaining defendants filed a motion for summary judgment on September 25, 2023 (ECF No. 20).

On October 2, 2023, the Court stayed "all further briefing" pending its decision on the jurisdictional question.  (*ECF Order dated October 2, 2023.*)

## LEGAL STANDARD

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action.  If the court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action.  Fed. R. Civ. P. 12(h)(3); *accord. Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010); *see also Chestnut v. Wells Fargo Bank, N.A.*, No. 11-CV-5369, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking.").  A lack of subject matter jurisdiction "is not waivable and may be raised at any time by a party or by the court sua sponte.  If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) (citations omitted).

Pursuant to 28 U.S.C. § 1331, the district courts have original subject matter jurisdiction "over all civil actions arising under the [United States] Constitution and the laws and treaties of the United States."  "A case aris[es] under federal law within the meaning of § 1331 . . . if a

well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (internal quotation marks and citations omitted).

A *pro se* plaintiff's complaint "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests," *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). Nevertheless, his case must be dismissed if he has not established that the federal court has jurisdiction.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See also Lincoln Property Co. v. Roche*, 546 U.S. 81, 83 (2005). Accordingly, for a federal court to have removal jurisdiction, it must have original subject matter jurisdiction over a cause of action. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that could have been filed in federal court may be removed to federal court by the defendant.") A federal court determining whether removal is appropriate looks to the cause of action alleged in the complaint. Under the "well-pleaded complaint rule," federal jurisdiction is present only if a question of federal law appears on the face of the plaintiff's "well-pleaded complaint"—thus requiring a court to ignore any and all answers, defenses, and counterclaims. *Fleet Bank, Nat'l Ass'n v. Burke*, 160 F.3d 883, 886 (2d Cir. 1998) ("[The well-pleaded complaint] rule requires a complaint invoking federal question jurisdiction to assert the federal question as part of the plaintiff's claim and precludes invoking federal question jurisdiction merely to anticipate a federal defense." (citations omitted)). A state

court case that has been removed to federal court must be remanded "if at any time before final

judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Further, the time requirements for removal are set forth in 28 U.S.C. § 1446(b), which

provides: "The notice of removal of a civil action or proceeding shall be filed within thirty days

after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading

setting forth the claim for relief upon which such action or proceeding is based . . . ."

"The court may resolve [] disputed jurisdictional fact issues by referring to evidence

outside of the pleadings." *Zappia Middle E. Const. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247,

253 (2d Cir. 2000). Here, the Court may consider the dockets and pleadings in the state court

foreclosure proceeding. These documents are cited in the complaint and are therefore "integral"

to the jurisdictional evaluation. (ECF No. 1 at 11;) *see Chambers v. Time Warner, Inc.*, 282 F.3d

147, 153 (2d Cir. 2002). Courts can consider state court records where, as here, the complaint

"extensively attacks the procedures of the state court proceedings, citing numerous orders of the

state courts, complaining about not being able to file appeals and other documents, . . . and

claiming various state court hearings were unfair." *Schvimmer et al. v. Randall et al.*, No. 18-

CV-7419, 2022 WL 4586086, at *14 (E.D.N.Y. Sept. 29, 2022). Further, "docket sheets are

public records of which the court [can] take judicial notice." *Mangiafico v. Blumenthal*, 471

F.3d 391, 398 (2d Cir. 2006).

**DISCUSSION**

**I.      Lack of Subject-Matter Jurisdiction**

The plaintiff essentially asks the Court to review a state court foreclosure proceeding, which is a "quintessential matter of state law." *Balash v Wilmington Sav. Fund Socy., FSB as trustee of Residential Credit Opportunities Tr. V-D*, 23-CV-2482, 2023 WL 4397817, at *2 (EDNY June 14, 2023). "Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking." *Chestnut v. Wells Fargo Bank, N.A.*, No. 11-CV-3369, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) (citing *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000)). The plaintiff cites the Fair Debt Collection Practices Act, the Truth In Lending Act, and 42 U.S.C. § 1983. He also claims a "Violation of Federal Trust and Lien Laws." However, he does not provide a factual basis explaining how these statutes apply, or why this Court has jurisdiction to hear his claims. Even a liberal reading of the complaint does not permit a finding that it presents an issue of federal law. Accordingly, the complaint must be dismissed. *See Milgros Castro v. Abhi Realty*, No. 18-CV-7093, 2019 WL 2870065, at *3 (E.D.N.Y. July 2, 2019).

**II.      Removal**

Alternatively, to the extent the plaintiff seeks removal under 28, U.S.C. § 1441(a), the case must be remanded for the same reason: the Court does not have jurisdiction. The plaintiff in the state court action—Lakeview—sought to foreclose on 63 Schenectady Avenue because Mr. Beaubrun, the state-court defendant, did not make timely payments on his mortgage. In state court, Mr. Beaubrun argued that Lakeview lacked standing under the New York Real Property Actions and Proceedings Law. The plaintiff "appear[s] to believe [his] defenses to . . . [the]

7

foreclosure action may arise under federal law." *US Bank, N.A. as Tr. for Truman 2016 SC6 Title Tr. v. Modikhan*, No. 22-CV-7475, 2023 WL 159844, at *2 (E.D.N.Y. Jan. 11, 2023).  As explained above, however, the "well pleaded complaint rule" requires the Court to look to the complaint to determine whether there is a federal question, not any potential defenses.

"Where, as here, no federal claim is stated on the face of [the plaintiff's] complaint, and the only basis asserted for removal is a claim of a related federal defense, counterclaim or other pending action, the matter is properly remanded to the state court." *Sovereign Bank, N.A. v Lee*, 968 F. Supp. 2d 515, 519 (E.D.N.Y. 2013); *see also Town of Southold v. Go Green Sanitation, Inc.*, 949 F. Supp. 2d 365, 372–73 (E.D.N.Y. 2013) (noting that the Second Circuit has "consistently dismissed cases removed to its federal district courts where subject matter jurisdiction could not be justified based on the plaintiff's original well-pleaded complaint"); *Vill. of Baxter Ests. v. Rosen*, No. 12-cv-2851, 2012 WL 3779412, at *2 (E.D.N.Y. Aug. 30, 2012); *Corp. Visions, Inc. v. Sterling Promotional Corp.*, No. 00-cv-4663, 2000 WL 33217350, at *1 (E.D.N.Y. Aug. 16, 2000).

Even if the Court had jurisdiction to hear the plaintiff's claims, he filed the Notice of Removal on July 7, 2023, nearly three years after Lakeview filed its initial notice of default, and one year after Lakeview filed its motion for default judgment.  Removal is, therefore, not timely.

## III.     Additional Defenses

The Court lacks jurisdiction over the State of New York and Justice Quinlan for two additional reasons.  First, a plaintiff may not seek declaratory and injunctive relief under § 1983 against a state court judge in federal court.  Specifically, as amended by the Federal Courts Improvement Act of 1996, Pub. L. No. 104–317, 110 Stat. 3847 (1996), § 1983 provides that in "any action brought against a judicial officer for an act or omissions taken in such officer's

8

judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. The plaintiff makes no such showing.

Second, the plaintiff's § 1983 and supplemental state law claims are barred by the Eleventh Amendment. *See* U.S. Const. amend. XI. The Eleventh Amendment bars suits against a state in federal court unless the state has consented to be sued or Congress has abrogated the state's immunity. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). Congress has not abrogated states' sovereign immunity with respect to claims brought under Section 1983, *see Quern v. Jordan*, 440 U.S. 332, 340–42 (1979), and New York has not waived its immunity, *see, e.g.*, *Trivedi v. N.Y.S. Unified Court Sys.*, 818 F. Supp. 2d 712, 722 (S.D.N.Y. 2011). Thus, the plaintiff's purported federal claims are barred against the State of New York and Justice Quinlan. *See Bennett v. Wesley*, No. 11-cv-8715, 2013 WL 1798001, at \*4 (S.D.N.Y. Apr. 29, 2013).

With respect to the state law claims, the Eleventh Amendment bars all suits against states in federal court based on state law, regardless of the relief sought. *Carvel v. Cuomo*, 357 F. App'x 382, 383 (2d Cir. 2009) (quoting *Allen v. Cuomo*, 100 F.3d 253, 260 (2d Cir. 1996)); *see also Kelly v. N.Y.S. Civ. Serv. Comm'n*, No. 14-CV-716, 2015 WL 861744, at \*4 (S.D.N.Y. Jan. 26, 2015), *aff'd*, 632 F. App'x 17 (2d Cir. 2016) ("The Eleventh Amendment bars federal courts from enjoining state officers from violating state law." (emphasis omitted)).

9

**CONCLUSION**

For these reasons, the Court dismisses the action and remands it to the New York

Supreme Court, Suffolk County, under Index No. 604964/2020.  With respect to Justice Robert

Quinlan, the action is dismissed with prejudice.  The Clerk of Court is respectfully directed to

enter this order, mail a copy of to the *pro se* plaintiff, and enter judgment.


**SO ORDERED.**

s/Ann M. Donnelly

_____

ANN M. DONNELLY
United States District Judge


Dated: Brooklyn, New York
      October 23, 2023